## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT McBREARTY | : NO. |
| v. | : |
| BRANDTJEN & KLUGE, INC. | : JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Robert McBrearty, is an individual and citizen of the Commonwealth of Pennsylvania and resides at 42 Blue Bell Lane, Richboro, Pennsylvania 18954.

2. Defendant, Brandtjen & Kluge, Inc., is a Wisconsin corporation with its principal place of business at 539 Blanding Woods Road, Post Office Box 539, St. Crois Falls, Wisconsin 54024-9001.

3. At all times relevant hereto, the Defendant was in the business of designing and manufacturing platen presses, to be sold and used by citizen of the Commonwealth of Pennsylvania and other states, or were successors to the manufacturers, designers and sellers of such machines.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

5. This Court has personal jurisdiction over the defendant because the defendant conducts regular and continuous business within the Commonwealth of Pennsylvania including,

but not limited to, selling, leasing or otherwise renting numerous products under the name of Brandtjen & Kluge, Inc. through various local offices throughout the Commonwealth. In addition, defendant Brandtjen & Kluge, Inc. sells, leases or otherwise rents various products both within the Commonwealth of Pennsylvania and outside Pennsylvania which defendants know or have reason to know will be used within the Commonwealth of Pennsylvania such that defendants may reasonably expect to be brought into a court within the Commonwealth of Pennsylvania.

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that defendants are subject to personal jurisdiction within the Eastern District of Pennsylvania, because defendants engage in regular and continuous business within the Eastern District of Pennsylvania including the selling, leasing and renting of their products at various rental locations within the Eastern District of Pennsylvania and including selling, leasing or otherwise renting their products to individuals who are known to use defendant's products within the Eastern District of Pennsylvania. Moreover, the accident occurred in Bucks County, Pennsylvania which is located within the Eastern District.

## COUNT I – NEGLIGENCE
### Robert McBrearty v Defendants

7. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 6 inclusive as though fully set forth at length.

8. On or about April 23, 2001 Plaintiff Robert McBrearty sustained severe injuries while operating a platen press designed manufactured and sold by Defendants or their predecessors.

9. At all times material hereto, Defendants product was used in the manner for which it was intended to be used at the time it was manufactured, designed and sold by Defendants.

10. On or about April 23, 2001 date, the Defendants product was in substantially the same condition as it was when it left the Defendants possession.

11. The aforesaid accident was caused solely by the negligence, careless and reckless acts of Defendants, including, by not limited to, the following:

    a) Failing to provide point of operation guards for the product;

    b) Failing to provide guards and other safety mechanisms to prevent operators or other individuals working around the machine from pinch points; and

    c) Failing to provide proper instructions and/or warnings concerning the use of the machine and potential dangers

12. As a result of the negligence of Defendants, Plaintiff Robert McBrearty suffered injuries which are severe and permanent.

13. As a result of the negligence of Defendants, Plaintiff Robert McBrearty has and will be obligated to receive and undergo medical attention and care and to expend various amounts of money and incur various expenses for the treatment of the injuries which he has suffered, and will be obligated to continue to expend such sums of money or incur such expenses for an indefinite period of time in the future.

14. As a result of the negligence of Defendants, Plaintiff Robert McBrearty has suffered and continues to suffer severe impairment of his earning capacity, and will continue to suffer such loss of earning capacity for an indefinite period of time in the future.

15. As a direct and foreseeable result of the negligence of Defendants, Plaintiff Robert McBrearty has incurred or may hereafter incur other financial expenses and losses.

16. As a result of the negligence of the Defendant, Plaintiff Robert McBrearty has suffered severe physical pain, mental anguish, personal trauma and humiliation, and may continue to suffer the same for an indefinite period of time in the future.

WHEREFORE, Plaintiff hereby demands judgement against Defendants in an amount in excess of $75,000 plus interest and costs.

### COUNT II – STRICT LIABILITY
### Robert McBrearty v Defendants

17. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 16 inclusive as of fully set forth herein at length.

18. The aforesaid platen press was manufactured, designed and sold by Defendants or their predecessors.

19. The platen press was designed and manufactured and sold in an unreasonably dangerous and defective condition in that the user of the platen press was exposed to the dangerous, unprotected pinch point while operating the product.

20. The platen press was designed and manufactured and sold in an unreasonably dangerous and defective condition for the reasons set forth in paragraph 11, including subparagraphs a through c.

21. The platen press was manufactured, designed and sold by Defendants in the above-mentioned defective and dangerous condition.

22. Plaintiff, Robert McBrearty relied upon the duty of the Defendant to manufacture, design and sell the platen press in a condition that was not defective or unreasonably dangerous

and to provide instructions for operating the platen press which were not defective and would not render the platen press unreasonably dangerous.

23. The platen press, due to its defective and unreasonably dangerous condition, was an immediate hazard to the well-being of Robert McBrearty and caused injuries and damages as more fully described in paragraphs 12 through 16 above.

24. The unreasonably dangerous defects in the platen press were the proximate cause of the damage suffered by Plaintiff Robert McBrearty.

25. Defendants failed to provide a proper and adequate warning as to the defective nature of the platen press.

26. Defendants failed to provide proper and adequate instructions and warnings concerning the platen press.

27. Defendants are therefore strictly liable to Plaintiff for the injuries and damages which Plaintiff Robert McBrearty has sustained and which is described more fully above.

WHEREFORE, Plaintiff Robert McBrearty demands judgement against Defendant in an amount in excess of $75,000 plus interest and costs of suit.

### COUNT III – BREACH OF WARRANTY
### Robert McBrearty v Defendants

28. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive as though fully set forth herein at length.

29. Defendants expressly and/or impliedly warranted that the platen press was of merchantable quality, fit, safe and in the property condition for the ordinary use for which the platen press was designed and used.

30. In using the platen press, Plaintiff Robert McBrearty relied upon the Defendants skill and judgement and the implied warranty of merchantability, as well as on the other warranties made by Defendant.

31. The platen press, which was sold by Defendants, was not of merchantable quality and was unfit, unsafe and unusual for the ordinary purposes in which it was intended.

32. On or about April 23, 2001 date, the platen press machine was in substantially the same condition as when it left the Defendants possession.

33. By reason of the foregoing, Plaintiff Robert McBrearty suffered the damages and losses described more fully above.

WHEREFORE, Plaintiff demands judgement against Defendants, in an amount in excess of $75,000 plus interest and costs of suit.

Respectfully Submitted,

**COZEN O'CONNOR**

Dated:_____                BY:_____
                                     Mark C. Schultz, Esquire
                                     John M. Popilock, Esquire
                                     Attorneys for Plaintiff

                                     200 Four Falls Corporate Center
                                     Suite 400
                                     P.O. Box 800
                                     West Conshohocken, PA 19428-0800
                                     (610) 941-5400